# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELEANOR M. FARAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:17-cv-2072 (RMM) |
| | ) |
| EARLIE WESTON COFFIELD, III, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This case involves negligence claims arising from an incident in which Defendant Earlie Weston Coffield, III ("Mr. Coffield") allegedly drove an automobile and hit and injured Plaintiff Eleanor M. Farar ("Plaintiff" or "Ms. Farar") while she was walking across a street in Washington, D.C. Pending before the Court is Ms. Farar's Consent Motion to Remand Case to the Superior Court of the District of Columbia ("Motion to Remand"). *See* Pl.'s Consent Mot. Remand Case to Sup. Ct. of D.C. ("Pl.'s Mot. Remand"), ECF No. 27. Ms. Farar contends that the addition of a non-diverse defendant in her amended complaint deprived this Court of jurisdiction, and therefore requests that the Court remand this action to the District of Columbia Superior Court. *See* Pl.'s Mot. Remand ¶ 4. In addition, Defendant and Cross-Claim Plaintiff Government Employees Insurance Company ("GEICO") has moved for summary judgment and proposes that the Court resolve its summary judgment motion even if the remaining claims are dismissed for lack of subject matter jurisdiction. *See* GEICO's Mot. Summ. J., ECF No. 35.

Having considered the parties' submissions and the attachments thereto,[1] the Court DISMISSES this matter for lack of subject matter jurisdiction, DENIES Plaintiff's Motion to Remand, and DENIES AS MOOT Defendant GEICO's Motion for Summary Judgment.

## BACKGROUND

### I. Factual Allegations

On February 23, 2017, Ms. Farar, a resident of Washington, D.C., was crossing H Street, N.E. at 6th Street, N.E. in Washington, D.C. on foot when an automobile driven by Mr. Coffield collided with Ms. Farar. *See* Am. Compl. at Count I ¶ 1. Ms. Farar was walking in the pedestrian crosswalk when she was struck, and she characterizes the collision as negligent and careless. *See id.* The vehicle that Mr. Coffield was driving was part of an "auto sharing program." *See id.* Defendant GetAround, Inc. ("GetAround") and the alleged title owner of the vehicle, Defendant Mariano de Jesus Siguenza ("Mr. Siguenza"), allegedly co-owned the vehicle. *Id.*

### II. Procedural History

On October 5, 2017, Ms. Farar initiated this action by filing a complaint against Defendants Mr. Coffield, GetAround, and GEICO seeking damages for negligence and personal

---

[1] *See* Pl.'s Mot. Remand; Def. GEICO's Resp. to Mot. to Remand, ECF No. 29; Pl.'s Sur-Reply to Def. GEICO's Resp. to Pl.'s Mot. Remand, ECF No. 31; Pl.'s Mem. of Law Regarding Ct.'s Authority to Remand, Transfer, or Dismiss the Present Proceedings, ECF No. 33; Def. GEICO's Suppl. Resp. to Mot. Remand ("Def. GEICO's Suppl. Resp."), ECF No. 34; GetAround's Mem. Regarding Ct.'s Authority to Remand, Transfer or Dismiss ("GetAround's Mem. Re. Ct.'s Authority"), ECF No. 36; Pl.'s Suppl. Mem. of Law Regarding Ct.'s Authority to Remand, Transfer, or Dismiss the Present Proceedings, ECF No. 37; Def. Coffield's Resp. to Pl.'s Suppl. Mem. of Law, ECF No. 38.

injury.  *See generally* Compl., ECF No. 1.[2]  Ms. Farar did not raise any claims under federal law[3] and asserted diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a), as a basis for filing in federal court.  *See id.* at 1 ¶ 1.[4]  On March 22, 2018, Ms. Farar sought leave to amend her complaint to add Mr. Siguenza as a defendant, based on information obtained in discovery.  *See* Pl.'s Consent Mot. for Leave to File First Am. Compl., ECF No. 25.  The Court granted Ms. Farar leave to amend on April 3, 2018.  *See* 4/3/2018 Min. Order.  In the Amended Complaint, Ms. Farar named Mr. Siguenza as a defendant and alleged that he was a resident of Washington, D.C.  *See* Am. Compl. at 2 ¶ 5.

Shortly after filing the Amended Complaint, Ms. Farar filed a Motion to Remand.  *See* Pl.'s Mot. Remand.  Ms. Farar asserted that the addition of Mr. Siguenza as a defendant deprived the Court of diversity jurisdiction because Mr. Siguenza and Ms. Farar were District of Columbia residents.  *See id.* ¶ 4.  Although the Amended Complaint alleges that Mr. Coffield also resides in the District of Columbia, Ms. Farar did not allege that his change in residence divested the Court of diversity jurisdiction.  *See* Am. Compl. at 2 ¶ 3 (alleging that Mr. Coffield testified to being a D.C. resident although he lived in Maryland when the first complaint was filed).  *See generally* Pl.'s Mot. Remand (discussing only Mr. Siguenza's residence in its analysis of diversity jurisdiction).  Defendant GEICO filed a response in which it: asserted that it had not consented to remanding the case; argued that because this case originated in federal court, the removal statute that Ms. Farar cited as a basis for remand does not apply; noted that the record

---

[2]  On November 17, 2017, Mr. Coffield filed a Notice correcting his name in this case to "Earle Weston Coffield, III."  Praecipe, ECF No. 13.

[3]  Ms. Farar has not invoked federal question jurisdiction and has acknowledged that no federal question exists in this matter.  *See* Pl.'s Mot. Remand ¶ 4.

[4]  Page numbers cited in this Memorandum Opinion and Order reference the ECF page numbers present in the header of the document.

lacked evidence to confirm that Mr. Siguenza is a citizen of the District of Columbia; suggested that the Court might have diversity jurisdiction; and requested "additional time to consider its options." Def. GEICO's Resp. to Mot. Remand ¶¶ 1, 7–14 & n.1, ECF No. 29. The remaining defendants named in the original complaint, GetAround and Mr. Coffield, filed no response, and Mr. Siguenza had not yet been served at that time. Ms. Farar filed a reply to GEICO's response, although she labeled it a "sur-reply," seeking a hearing and asking that GEICO "advise the Court and counsel of its position" on the Motion to Remand. *See* Pl.'s Sur-reply to Def. GEICO's Resp. to Pl.'s Mot. Remand at 1, 5, ECF No. 31.

By June 20, 2018 Minute Order, the Court requested supplemental briefing from the parties regarding whether the addition of a new defendant who had not yet consented to proceed before a magistrate judge — Mr. Siguenza — affected the Court's authority to rule on Plaintiff's pending Motion to Remand. Ms. Farar and all three Defendants filed memoranda in response to the Court's Minute Order. *See generally* Getaround's Mem., ECF No. 43; Pl.'s Mem. of Law, ECF No. 44; Def. Coffield's Mem. of Law, ECF No. 45; Def. GEICO's Suppl. Mem., ECF No. 46. In a subsequent filing, Ms. Farar proposed to serve Mr. Siguenza with the Amended Complaint so that he could state his position regarding proceeding before a Magistrate Judge. *See* Pl.'s Surreply to GEICO's Resp. to Pl.'s Partial Consent Mot. for Status Hr'g ¶¶ 5–6, ECF No. 49.

By Minute Order dated October 10, 2018, the Court extended the time in which Ms. Farar could serve Mr. Siguenza. Ms. Farar filed proof of service on October 17, 2018, demonstrating that she had timely served Mr. Siguenza with the Amended Complaint. *See* Return of Service/Affidavit, ECF No. 53. On November 5, 2018, Mr. Siguenza filed his Answer to the Amended Complaint, *see* ECF No. 54, and a Notice indicating that he consented to proceeding

before the undersigned for all purposes, including trial. *See* Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, ECF No. 55. The parties have all now consented to proceed before a Magistrate Judge in this action, thereby resolving any prior ambiguity regarding the Court's authority to resolve the pending motions.

## LEGAL STANDARD

### I. Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12, if the Court finds "at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Federal courts may address questions of subject matter jurisdiction even if no party has moved to dismiss the action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."); *G. Keys PC/Logis NP v. Pope*, 630 F. Supp. 2d 13, 15 (D.D.C. 2009) ("When it perceives that subject matter jurisdiction is in question, the Court should address the issue *sua sponte*."); *see also Noel Canning v. NLRB*, 705 F.3d 490, 496 (D.C. Cir. 2013) (noting that "federal courts, being courts of limited jurisdiction, must assure themselves of jurisdiction over any controversy they hear"), *aff'd but criticized*, 134 S. Ct. 2550 (2014).

When evaluating subject matter jurisdiction, the Court "must accept all of the complaint's well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff['s] favor." *G. Keys PC/Logis NP*, 630 F. Supp. 2d at 16. However, the Court "need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff['s] legal conclusions." *Masoud v. Suliman*, 816 F. Supp. 2d 77, 79 (D.D.C. 2011) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)) (internal quotation marks omitted). The Court also may

consider information outside of the complaint and look to "undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Masoud*, 816 F. Supp. 2d at 80 (quoting *Herbert v. Nat'l Acad. of Sci.*, 974 F.2d 192, 197 (D.C. Cir. 1992)) (internal quotation marks omitted).

## II. Diversity Jurisdiction

28 U.S.C. § 1332 confers diversity jurisdiction to federal courts in "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between — (1) citizens of different States." 28 U.S.C. §1332(a)(1). The statute requires "*complete* diversity of citizenship," and "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *see also In re Lorazepam & Clorazepate Antitrust Litig.*, 631 F.3d 537, 541 (D.C. Cir. 2011); *Lutfi v. Lockheed Martin Corp.*, 78 F. Supp. 3d 364, 367–68 (D.D.C. 2015). A plaintiff who invokes diversity jurisdiction as a basis for filing suit in federal court bears the burden of establishing diversity of citizenship. *See Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983) ("[T]he party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action."); *see also Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006). Given that "federal courts are of limited jurisdiction," a presumption exists "against the existence of diversity jurisdiction." *Naartex,* 722 F.2d at 792 (citing 13 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE §§ 3522, 3611 (1975)).

## DISCUSSION

Ms. Farar contends that the addition of Mr. Siguenza as a defendant deprived the Court of diversity jurisdiction and requests that the Court remand this action to the Superior Court of the

District of Columbia instead of dismissing the case. *See* Pl.'s Mot. Remand ¶ 4. The Court agrees that Ms. Farar has failed to establish complete diversity and consequently has not demonstrated that subject matter jurisdiction lies in this Court; but the Court rejects Ms. Farar's proposal to remand the case to the D.C. Superior Court. "If a court finds that diversity does not exist, it must, absent another basis for federal jurisdiction, dismiss the case under Civil Rule 12(b)(1)." *Prakash v. Am. Univ.*, 727 F.2d 1174, 1181 (D.C. Cir. 1984); *see also* FED. R. CIV. P. 12(h)(3) (requiring that if a court finds "at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Further, this matter originated in federal court and was not removed from the Superior Court. Accordingly, the Court must dismiss the case for lack of subject matter jurisdiction, and remand would be improper. As the Court lacks subject matter jurisdiction, it cannot exercise supplemental jurisdiction over the claims involving GEICO and declines to sever those claims.

**I.      The Complaint Does Not Establish Diversity Jurisdiction**

"[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007); *cf. Washer v. Bullitt Cty.*, 110 U.S. 558, 562 (1884) ("When a petition is amended by leave of the court, the cause proceeds on the amended petition."). Diversity of citizenship is the pertinent jurisdictional issue, and the Court's analysis therefore begins with the Amended Complaint's factual allegations regarding the state, district, or territory of which each party is a citizen. *See Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP*, 362 F.3d 136, 139–42 (1st Cir. 2004) (evaluating diversity jurisdiction based on citizenship of the parties to the amended complaint and rejecting argument that the diversity analysis should focus solely on the existence of diversity when the original complaint

was filed); *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (noting that although "[t]he general rule is that diversity is determined at the time of the filing of a lawsuit . . . persuasive authority counsels that . . . diversity must be determined at the time of the filing of the amended complaint" if the complaint has been amended to identify a new party).

As a plaintiff who has invoked diversity jurisdiction as a basis for filing the complaint in this Court, Ms. Farar bears the burden of demonstrating that the Court has jurisdiction to review the case, by pleading facts that establish jurisdiction or presenting other evidence sufficient to make that showing. *See generally Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008). That burden requires Ms. Farar to "plead[] the citizenship of each and every party to the action." *Novak*, 452 F.3d at 906 (quoting *Naartex*, 722 F.2d at 792) (internal quotation marks omitted). Specifically, to establish diversity jurisdiction, Ms. Farar must demonstrate that each party — Ms. Farar, Mr. Coffield, Mr. Siguenza, GetAround, and GEICO — is a citizen of a different state, district, or territory than each opposing party; any overlap in citizenship would defeat diversity. *See In re Lorazepam*, 631 F.3d at 541. "Citizenship is an essential element of federal diversity jurisdiction," and therefore "failing to establish citizenship is not a mere technicality." *Novak*, 452 F.3d at 906. Further, "the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004).

"For purposes of assessing diversity jurisdiction, an individual is a citizen of the state in which she is domiciled." *Herbin v. Seau*, 317 F. Supp. 3d 568, 572 (D.D.C. 2018); *see also Prakash*, 727 F.2d at 1180 (noting that the evidence relevant to determine diversity jurisdiction "is that relating to the domiciles of the parties"). To determine domicile, the court considers both "physical presence in a state[] and intent to remain there for an unspecified or indefinite period

of time." *Prakash*, 727 F.2d at 1180.  An individual's residence is not necessarily a proxy for his or her domicile, and therefore does not establish the state of which that individual is a citizen for purposes of diversity jurisdiction.  *See Novak*, 452 F.3d at 906; *Core VCT Plc v. Hensley*, 59 F. Supp. 3d 123, 125 (D.D.C. 2014) ("Although 'residency is indicative of domicile, it is not determinative.'" (quoting *Naegele v. Albers*, 555 F. Supp. 2d 129, 134 (D.D.C. 2005))); *Lopes v. Jetsetdc, LLC*, 4 F. Supp. 3d 238, 241 (D.D.C. 2014) ("Citizenship depends upon domicile, and, as domicile and residence are two different things, it follows that citizenship is not determined by residence." (internal quotation marks omitted) (quoting *Shafer v. Children's Hosp. Soc'y of L.A.*, 265 F.2d 107, 121–22 (D.C. Cir. 1959))).

To determine the citizenship of a corporate entity, courts look to the corporation's state of incorporation and principal place of business.  *See Novak*, 452 F.3d at 906–07; 28 U.S.C. § 1332.  Subject to certain exceptions that are inapplicable here, a corporation will be deemed a citizen of each state in which it has been incorporated and of the state where its principal place of business is located.  *See* 28 U.S.C. § 1332.

Here, the Amended Complaint fails to "plead the requisite facts to establish complete diversity." *Naartex*, 722 F.2d at 792 & n.20.  The complaint addresses the *residence* of the individuals who are named parties to this action but fails to allege facts regarding their domicile. *See* Am. Compl. at 2 ¶¶ 2–3 (alleging that Mr. Coffield and Ms. Farar are residents of the District of Columbia); *id.* at 2 ¶ 5 (alleging that Mr. Siguenza is a resident of the District of Columbia).  "[A]n allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction." *Novak*, 452 F.3d at 906 (quoting *Naartex*, 722 F.2d at 792 n.20) (internal quotation marks omitted).  In his answer, Mr. Siguenza admitted that he is a D.C. resident but did not affirmatively allege any additional information that would permit the Court

9

to determine whether the District of Columbia is his domicile. *See* Def. Siguenza's Answer to Pl.'s First Am. Compl. ("Def. Siguenza's Answer") ¶ 5, ECF No. 54. Mr. Coffield did not answer the complaint. Consequently, on the current record, the Court cannot determine whether diversity jurisdiction exists in this matter. *See Naartex*, 722 F.2d at 792 n.20 (finding facts insufficient to establish citizenship for purposes of diversity jurisdiction where plaintiff had "alleged merely the states of residence").

The complaint also fails to plead sufficient facts to establish the citizenship of the corporate defendants. Ms. Farar alleges that GetAround has a principal place of business in California and "is a Delaware company," and GetAround admits those allegations. *See* Am. Compl. at 2 ¶ 4; Def. GetAround's Answer to First Am. Compl. at 1 ¶ 4, ECF No. 28. However, it is unclear whether GetAround's admitted status as "a Delaware company" means that it was incorporated in Delaware; if so, GetAround would be deemed a citizen of Delaware and California for purposes of diversity jurisdiction. Given this uncertainty, the Record fails to fully establish GetAround's corporate citizenship. Likewise, the complaint does not identify the state(s) in which GEICO is incorporated and merely alleges the location of GEICO's home office: Chevy Chase, Maryland. *See* Am. Compl. at 2 ¶ 6. As GEICO did not affirmatively allege information about the state(s) in which it was incorporated in its Answer or Crossclaim Complaint, the Record does not fully establish GEICO's citizenship. The Court could take judicial notice of corporate documents GetAround and GEICO may have filed with the Securities and Exchange Commission or a Secretary of State, but declines to do so given that no party has cited such records or requested judicial notice. *But see In re Lorazepam & Clorazepate Antitrust Litig.*, 900 F. Supp. 2d 8, 18 (D.D.C. 2012) (taking judicial notice of corporate records regarding the states in which corporations were incorporated).

In sum, the Amended Complaint and other pleadings do not establish the parties' citizenship. Indeed, if the non-corporate parties are citizens of the states in which they reside, complete diversity does not exist. When faced with similarly deficient complaints, some courts have allowed the plaintiff to amend the complaint or supplement the record to attempt to establish diversity jurisdiction, rather than dismissing a case outright. *See, e.g.*, *Lopes v. JetSetDC, LLC*, 994 F. Supp. 2d 126, 132, 133–34 (D.D.C. 2014) (granting motion to amend complaint to permit plaintiff to plead facts necessary to establish complete diversity of citizenship). *See generally District of Columbia ex rel. Am. Combustion, Inc. v. Transamerica Ins. Co.*, 797 F.2d 1041, 1044 (D.C. Cir. 1986) (noting that insufficient allegations of diversity may be cured by allowing the party to amend the allegations); *Barlow v. Pep Boys, Inc.*, 625 F. Supp. 130, 133 (E.D. Pa. 1985) ("[T]he failure to state the grounds upon which jurisdiction depends does not automatically result in dismissal of the complaint; leave to amend the complaint should be freely given in order to cure this defect."). However, this case is in an unusual procedural posture because the Plaintiff no longer contends that diversity jurisdiction exists, and two of the Defendants, GetAround and Mr. Coffield, have already consented to the dismissal of this action so that it can be refiled in D.C. Superior Court. *See* GetAround's Mem. Re. Ct.'s Authority at 1, ECF No. 36 (consenting to voluntary dismissal to allow refiling in D.C. Superior Court); Def. Coffield's Resp. to Pl.'s Suppl. Mem. of Law ¶¶ 1–2, ECF No. 38.

To be sure, GEICO seeks to remain in federal court and had previously asked the Court to defer deciding whether to dismiss the action until Mr. Siguenza's citizenship had been established. *See* Def. GEICO's Suppl. Resp. at 2–3, ECF No. 34 (asserting that it would be premature to resolve the motion to dismiss before Mr. Siguenza responds to the complaint and before the record establishes the locale of Mr. Siguenza's citizenship). However, GEICO raised

11

that argument before Mr. Siguenza had filed his answer — where he admitted that he is a D.C. resident. *See* Def. Siguenza's Answer ¶ 5. Further, neither GEICO nor any other party has questioned or sought supplementation of the record regarding the citizenship of any of the other parties — individual[5] or corporate — even though the complaint's allegations fail to address critical facts pertinent to citizenship. Accordingly, the Court will dismiss the complaint, based on Ms. Farar's failure to adequately plead diversity jurisdiction. *See Abiodun v. Google, LLC*, No. 18-2241 (UNA), 2018 WL 5817361, at *1 (D.D.C. Nov. 5, 2018) (dismissing a complaint for lack of jurisdiction because "[p]laintiff has provided no information to ascertain each defendant's citizenship"). *See generally Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

## II. The Court has no Authority to Remand this Matter to the D.C. Superior Court

Although Ms. Farar requests that the Court remand this matter to the D.C. Superior Court per 28 U.S.C. § 1447(c), the Court is unable to do so. *See* Pl.'s Mot. Remand at ¶ 2. 28 U.S.C. § 1447(c) governs matters removed from state court. However, this case originated in federal court and has never been in the D.C. Superior Court. Accordingly, 28 U.S.C. § 1447(c) does not apply to this case, and the Court lacks the authority to remand the case to the D.C. Superior Court. *See Clarke ex rel. Medina v. District of Columbia*, No. 06-0623 (JR), 2007 WL 1378488, at *2 (D.D.C. May 9, 2007) ("[P]laintiffs request that, if I am inclined to dismiss the remaining counts, I instead remand the case to Superior Court. That I cannot do, as this case was never

---

[5] GEICO and Ms. Farar have argued that Mr. Coffield's change of residence from Maryland to the District of Columbia, between the filing and amendment of the initial complaint, does not deprive the Court of diversity jurisdiction. *See* Def. GEICO's Resp. to Mot. Remand ¶ 3, ECF No. 29; Pl.'s Sur-Reply to Def. GEICO's Resp. to Pl.'s Mot. to Remand ¶ 6, ECF No. 31.

filed in Superior Court."); *cf.* 14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3739 & n.13 (4th ed. 2018) (noting that "federal courts cannot remand an action that was originally filed in federal court").

### III. The Court will not Retain Jurisdiction Over or Sever the Claims Involving GEICO

GEICO contends that if the Court finds that it lacks diversity jurisdiction to review Ms. Farar's claims, the Court should exercise supplemental jurisdiction over the claims involving GEICO. *See* Def. GEICO's Suppl. Resp. at 5–7. If a court has original jurisdiction over some claims in an action, "it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *see also* 28 U.S.C. § 1367. However, "[i]ncomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere." *Exxon Mobil Corp.*, 545 U.S. at 554; *see also In re Lorazepam*, 631 F.3d at 541–42 (quoting same). As neither Ms. Farar nor GEICO has established that complete diversity exists, there are no claims within the Court's original jurisdiction that would permit the Court to exercise supplemental jurisdiction over claims brought by or against GEICO. *See id.*

GEICO alternatively requests that the Court sever the claim against it and then rule on GEICO's currently pending Motion for Summary Judgment, in furtherance of "interests of efficiency and judicial economy." Def. GEICO's Suppl. Resp. at 7–8. Federal Rule of Civil Procedure 21 permits courts to "add or drop a party" and to "sever any claim against a party." FED R. CIV. P. 21 ("[T]he court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). It is well settled that courts may use Rule 21 to dismiss a nonessential non-diverse party, thereby preserving the court's jurisdiction over the remainder of the case. *See In re Lorazepam*, 631 F.3d at 542 (recognizing district court's

13

authority "to dismiss non diverse parties and retain jurisdiction over the rest of the case"). However, GEICO cites no authority in which a court has interpreted Rule 21 to allow the severance of one party's claims when a different party's presence in the suit deprives the court of diversity jurisdiction. The Tenth Circuit rejected a similar request to sever a diverse defendant's claims in *Ravenswood Investment Co., L.P. v. Avalon Correctional Services*, 651 F.3d 1219, 1224 (10th Cir. 2011), finding "no authority for the proposition that creating multiple federal actions is a permissible way to cure a jurisdictional defect in a diversity case," and reasoning that severing diverse defendants' claims and thereby "allowing cases to be split into multiple federal actions to achieve complete diversity in pieces of the litigation over which the court lacked subject matter jurisdiction at the outset . . . would create an end-run around the longstanding rule requiring complete diversity at the time of filing." Severing claims in such circumstances would undermine the requirement of complete diversity, and the Court declines to venture down that path.

## CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that this matter is **DISMISSED without prejudice** for lack of subject matter jurisdiction; and it is further

**ORDERED** that Plaintiff's Consent Motion to Remand Case to the Superior Court of the District of Columbia [ECF No. 27] is **DENIED**; and it is further

**ORDERED** that Defendant GEICO's Motion for Summary Judgment [ECF No. 35] is **DENIED as moot** in light of the Court's dismissal of this matter for lack of subject matter jurisdiction.

Dated: January 25, 2019

ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE